

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_[signature]_
**United States Bankruptcy Judge**

**Signed November 15, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE:<br><br>GEORGE ALLISON DAVIS<br>LAURA JANE DAVIS<br>710 CROWS PT<br>LAKE BRIDGEPORT, TX 76426<br><br><br><br>DEBTORS | CASE NUMBER: 11-43818-RFN |

**ORDER CONFIRMING CHAPTER 13 PLAN, VALUING COLLATERAL;
ALLOWING DEBTORS' ATTORNEY'S FEES; PROVIDING FOR A TRUSTEE'S
RECOMMENDATION CONCERNING CLAIMS AND OTHER RELATED MATTERS
(WITH REVISIONS TO THE PLAN AS SPECIFIED HEREIN)**

It having been determined after at least twenty-eight (28) days notice to all creditors, no hearing having been requested and no objection to Confirmation or Valuation having been timely filed, or if filed, having been overruled, resolved or withdrawn:

   That the Debtors' Chapter 13 Plan ("Plan") complies with all applicable provisions of Title 11 of the United States Code;

   That any fee, charge, or amount required under Chapter 13 of Title 28 of the United States Code or by the Plan to be paid before Confirmation has been paid;

   That the Plan has been proposed in good faith and not by any means forbidden by law;

That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtors was liquidated under Chapter 7 of Title 11 United States Code on such date;

That the Plan provides that the holders of secured claims who have not accepted the Plan shall retain their liens until the earlier of the payment of the underlying debt determined under non bankruptcy law or discharge under Section 1328; and if this case is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law; and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of secured claims whose holders have not accepted the Plan is not less than the amount of those claims; and as to holders of secured claims who have not accepted the Plan, if property to be distributed pursuant to the Plan is in the form of periodic payments, such payments will be in equal monthly amounts; and if the holder of the claim is secured by personal property, the amount of such payments will not be less than the amount sufficient to provide to the holder of such claim adequate protection during the period of the Plan; or the Debtors will surrender the property securing such claim to such holder;

That the action of the Debtors in filing the petition was in good faith;

That the Debtors have paid all amounts that are required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition, if the Debtors are required by a judicial or administrative order or by statue to pay such Domestic Support Obligation;

That the Debtors have filed all applicable Federal, State, and local tax returns as required by Section 1308 of Title 11 of the United States Code;

That no objection to Confirmation has been filed by the Standing Chapter 13 Trustee or any unsecured creditor, or if so, that the Debtors will pay under the Plan, all Debtors' projected disposable income for the applicable commitment period, to be applied to payments to unsecured creditors under the Plan;

That Confirmation of the Debtors' Plan and the Valuation set forth therein have been recommended by the Standing Chapter 13 Trustee; and

That no further operating reports are necessary or required to be filed with the Standing Chapter 13 Trustee.

**IT IS THEREFORE ORDERED** that the Debtors' Chapter 13 Plan filed on or about August 02, 2011 is confirmed.

**IT IS FURTHER ORDERED** that the Debtors shall pay the following:

TO THE TRUSTEE THE SUM OF $1,670.00 FOR THE FIRST MONTH; $2,200.00 PER MONTH FOR THE NEXT 14 MONTHS; $3,647.00 PER MONTH FOR THE FINAL 45 MONTHS FOR A TOTAL OF $196,585.00 IN 60 MONTHS.

**IT IS FURTHER ORDERED** that allowed non-priority unsecured claims will be paid pro rata no less than from the greater of (1.) an unsecured creditor's pool of $30,000.00, or (2.) the value of Debtors' equity in non-exempt property of $63,199.26 reduced by the payment of allowed administrative expenses and allowed priority claims.

**IT IS FURTHER ORDERED** that, if applicable, cause exists to extend the term of the Plan beyond

CASE NO. 11-43818-RFN
DEBTORS: GEORGE ALLISON DAVIS & LAURA JANE DAVIS
Page 3 of 4

36 months but not more than 60 months.

**IT IS FURTHER ORDERED** that the Debtors' attorney, LEINART LAW FIRM, is allowed a total fee not to exceed $3,000.00, with $2,000.00 to be paid through the Plan by the Trustee, unless a greater amount is approved by separate order of the Court after hearing on fee application.

**IT IS FURTHER ORDERED** that for purposes of distribution under the plan, Section 506 and Section 1325 (a)(5) of the Bankruptcy Code, the **value** of collateral securing any claim herein, **annual percentage rate** and **treatment** of the claim secured thereby is as set forth in Section I, Paragraphs "E", "F", and "G" of the {Debtor's} Chapter 13 Plan and Motion for Valuation herein confirmed, except:

| CREDITOR NAME | COMMENT | CLAIM AMOUNT | COLL. VALUE | ANNUAL PERCENTAGE RATE | TREATMENT (Monthly Payment Direct Surr or ProRata) |
|---|---|---|---|---|---|
| TARRANT COUNTY TAX COLLECTOR | 7116 OVERHILL RD/10 | $4,313.81 | $108,000.00 | 12.00% | ProRata |
| TARRANT COUNTY TAX COLLECTOR | 7116 OVERHILL RD/11 | $3,357.93 | $108,000.00 | | Direct |
| TARRANT COUNTY TAX COLLECTOR | 5606 WATTERS/11 | $1,098.26 | $61,200.00 | | Direct |
| TARRANT COUNTY TAX COLLECTOR | 5821 COLEMAN/11 | $1,047.48 | $48,300.00 | | Direct |
| TARRANT COUNTY TAX COLLECTOR | 5824 COLEMAN/11 | $1,136.40 | $52,400.00 | | Direct |
| TARRANT COUNTY TAX COLLECTOR | 5816 COLEMAN/11 | $1,023.63 | $47,200.00 | | Direct |
| WISE COUNTY APPRAISAL DIST | 605 S BUS 287 0.081 ACRES/10 | $207.43 | $7,060.00 | 12.00% | ProRata |
| WISE COUNTY APPRAISAL DIST | 710 CROWS POINT/11 | $3,360.06 | $265,300.00 | | Direct |
| WISE COUNTY APPRAISAL DIST | 1100 EAST/11 | $307.90 | $24,910.00 | | Direct |
| WISE COUNTY APPRAISAL DIST | 111 PR 2168/11 | $30.29 | $172,670.00 | | Direct |
| WISE COUNTY APPRAISAL DIST | 605 S BUS 287 0.100 ACRES/10 | $358.46 | $12,480.00 | 12.00% | ProRata |
| WISE COUNTY APPRAISAL DIST | 111 PR 2168/10 | $42.89 | $172,670.00 | 12.00% | ProRata |
| WISE COUNTY APPRAISAL DIST | 605 S BUS 287 0100 ACRES/11 | $253.15 | $12,480.00 | | Direct |
| WISE COUNTY APPRAISAL DIST | 605 S BUS 287 0.081 ACRES/11 | $146.49 | $7,060.00 | | Direct |
| WISE COUNTY TAX | 111 PR 2168 & 605 S BUS 287/11 | $1,358.30 | $481,810.00 | | Direct |

**IT IS FURTHER ORDERED** that Executory Contracts and Unexpired Leases shall be treated as set forth in Section I, Paragraph "K" of the Debtors' Chapter 13 Plan and Motion for Valuation herein confirmed, except:

| § 365 Party | ASSUME/ REJECT | CURE AMOUNT | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|
| | | $0.00 | | |

**IT IS FURTHER ORDERED** that the valuation of collateral subject to a 910 claim or listed as "Direct" is not res judicata, collateral estoppel or law of the case as to any party.

**IT IS FURTHER ORDERED** that if a Claim is not paid during the term (Approximate) shown in

CASE NO. 11-43818-RFN
DEBTORS: GEORGE ALLISON DAVIS & LAURA JANE DAVIS                                                                                      Page 4 of 4

Section I, Paragraphs D, E, H and or I of the Plan, the Trustee shall continue to pay the Claim until it is paid in full, as stated in Section II, Paragraph U of the Plan;

**IT IS FURTHER ORDERED** that the Trustee is authorized to receive, endorse, and apply to any delinquent payments under the Plan, any Income Tax Refund payable to Debtors during the pendency of this case, and apply any IRS refund in excess of $2,000.00 per year pro rata to Debtors' allowed general unsecured creditors, per paragraph 9 of General Order 2010-01.

**IT IS FURTHER ORDERED** that the Debtors shall not dispose of or encumber any non-exempt property prior to discharge without consent of the Trustee or order of the Court after notice to the Trustee and all creditors.

**IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee is hereby discharged from any liability from the Debtors' operation of business and from any further duty to investigate the business of the debtor or to require further operating reports from Debtors.

**IT IS FURTHER ORDERED** that pursuant to General Order 2010-01, Paragraph 8, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtors' counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and notice of hearing and pre-hearing conference thereon.  The TRCC may be deemed in part to be an Objection to Claims. Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC. Unless an Objection is timely filed as to the amount or class of any claim, the claim will be allowed or approved only as described in the TRCC, and such amount or class will be binding on all parties without further order of the court.  All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the Trustee's pre-hearing conference or give

**IT IS FURTHER ORDERED** that nothing herein or in the Plan shall determine the **allowed amount** or **class** of any claim which matters are hereby reserved until after the applicable claims bar date and the Trustee's Recommendation Concerning Claims has been filed.  Valuation of collateral, interest rate, and treatment of claims shall be as provided in the Plan or herein.

IT IS FURTHER ORDERED that in order to comply with U.S.C. Section 1325(a)(4), the plan shall provide for the equity in non-exempt property of $63,199.26.  Additionally, increase the base to make the plan sufficient to pay 100% to debtor's timely filed and allowed non-priority unsecured claims.

**IT IS FURTHER ORDERED** that priority and unsecured creditors shall receive interest at the legal rate from the petition date (priority first, then unsecured second) to the extent Debtors' equity in non-exempt property, less trustee's fees, exceeds the principal amount of allowed priority and unsecured claims, pursuant to section 1325(a)(4) and section 726(a)(5) of the Bankruptcy Code.

# # #  END OF ORDER # # #